UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    GARY L. JOHNSON                            Case No. 15-20959-dob
    and DONNA L. JOHNSON,                Chapter 13 Proceeding
            Debtors.                                Hon. Daniel S. Opperman
_____/

## OPINION REGARDING APPROPRIATE INTEREST RATE

The Debtors' Chapter 13 Plan proposes to pay interest at the rate of 5.25% on two obligations owed by the Debtors to Dow Chemical Employees Credit Union. These obligations are secured by a 2011 Chevrolet Malibu and a 2005 Harley Davidson Softtail Deluxe. Dow Chemical Employees Credit Union objected to the Debtors' Chapter 13 Plan on June 12, 2015, and requested that the interest rate be increased consistent with the United States Supreme Court Case of *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004). The Debtors agreed to increase the interest rate regarding these two obligations to 6.25%, which constitutes a calculation of prime plus 3% consistent with the *Till* opinion. The Chapter 13 Trustee objected to this treatment as there was insufficient reason to increase the interest rate in this case. Neither party wished to offer proofs at confirmation on June 18, 2015, although the Court offered the parties an opportunity to do so.

From the record developed on June 18, 2015, the Court has carefully reviewed *Till* and notes that some factors exist to warrant a higher rate of interest in this instance. As argued by the Dow Chemical Employees Credit Union, both obligations were entered into within one year of the Debtors' bankruptcy petition and the later obligation approximately six months before the Debtors filed bankruptcy. Moreover, the Debtors appear to have significant, but not overwhelming, secured debt that needs to be treated in the Debtors' Chapter 13 Plan. Also, there is little, if any, equity cushion to provide additional comfort for Dow Chemical Employees Credit Union.

1

After a careful review of the facts to date, the Court concludes that a slight additional adjustment in the interest rate is appropriate under *Till*, but not to the extent requested by the Dow Chemical Employees Credit Union with the record presently before the Court. As this matter was adjourned to July 9, 2015, to allow for notice to certain creditors, the Court has determined that some additional guidance should be given to the parties in regard to the *Till* interest rate.

With the factual record developed to date, including representations of counsel, the Court concludes that the interest rate for these two obligations, without further proofs or argument, should be 5.75%. That said, the Court reserves the right to adjust this rate in the event other facts are presented to the Court. If any party wishes to provide additional proofs regarding the appropriate interest rate under *Till*, the Court will allow the introduction of an offer of proof at the July 9, 2015, hearing or the introduction of evidence at an evidentiary hearing at a date to be set by Court order.

**Signed on June 26, 2015**

　　　　　　　　　　　　　　　　　　　　　　**/s/ Daniel S. Opperman**
　　　　　　　　　　　　　　　　　　　　**Daniel S. Opperman**
　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**